IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

REINHART FOODSERVICE, LLC,

      Plaintiff,      OPINION AND ORDER

 v.             14-cv-138-wmc

CHICAGO ROADHOUSE CONCEPTS, LLC,
TEXAS CORRAL RESTAURANTS II, INC.,
TEXCOR INC., T.C. OF KALAMAZOO, INC.,
and PAUL SWITZER,

      Defendants.

---

  In this civil action, plaintiff Reinhart Foodservice, LLC ("Reinhart") asserts breach of contract and breach of implied warranty of good faith and fair dealing claims against defendants Chicago Roadhouse, LLC, Texas Corral Restaurants II, Inc., Texcor Inc., T.C. of Kalamazoo, Inc., and Paul Switzer based on defendants' failure to purchase products from plaintiff and make payments due under a distribution agreement. (Compl. (dkt. #1).) Reinhart alleges that this court may exercise jurisdiction based on the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332. (*Id.* at ¶ 4.) Because the allegations in the complaint are insufficient to determine if jurisdiction is proper, Reinhart will be given an opportunity to file an amended pleading containing the necessary factual allegations to establish diversity jurisdiction.[1]

---

[1] The court also notes that plaintiff's counsel's law firm has been the recipient of at least one other order from this court requiring repleading to demonstrate diversity jurisdiction. *See Total Wall, Inc. v. Wall Solutions Supply, LLC*, No. 09-cv-404 (W.D. Wis. Apr. 28, 2010) (dkt. #35).) As such, the court will also require counsel for plaintiff to circulate

1

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, plaintiff contends that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Compl. (dkt. #1) ¶ 4.) For the latter to be true, however, there must be *complete* diversity, meaning plaintiff cannot be a citizen of the same state as *any* defendant. *Smart*, 562 F.3d at 803. Unfortunately, plaintiff's allegations as to the LLC parties prevent this court from determining whether this is so.

"The citizenship of an LLC is the citizenship of each of its members," yet Reinhart has neither alleged the citizenship of its own members nor that of the defendant Chicago Roadhouse Concepts, LLC. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th

---

this opinion and order to all members of his firm practicing in the Western District of Wisconsin.

Cir. 2007). Instead, Reinhart alleges only that it "is an Illinois company with its principal place of business located at 6250 North River Road, Suite 9000, Rosemont, Illinois 60018." (Compl. (dkt. #1) ¶ 1.) Similarly, Reinhart alleges that defendant Chicago Roadhouse Concepts, LLC is an Indiana company with its principal place of business in Schereville, Indiana. (*Id.* at ¶ 2.) As the Seventh Circuit has repeatedly instructed, this information is wholly irrelevant in deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

Plaintiff's allegation as to defendant Paul Switzer -- that he is a "resident" of Indiana (Compl. (dkt. #1) ¶ 3) -- is also inadequate. Strictly speaking (and the Seventh Circuit has repeatedly advised lower courts that we *are* speaking strictly), plaintiff must allege an individual party's "domicile" rather than his or her residence. *See Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012) ("An allegation of residence is not sufficient to establish citizenship, which requires domicile."). A person's domicile is "the state in which a person intends to live over the long run." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). As such, a person may have several residences, but only one domicile. *Id.*

Before dismissing this action for lack of subject matter jurisdiction, Reinhart will be given 14 days to file an amended complaint that establishes subject matter jurisdiction by properly alleging the citizenship of (1) each member of the LLC parties, and (2) the individual defendant. In alleging the citizenship of LLC parties, Reinhart should be aware that if the member or members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members and

3

partners must be alleged as well. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

ORDER

IT IS ORDERED that:

1) Plaintiff Reinhart Foodservice, LLC shall have until March 14, 2014, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 28th day of February, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge